UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERNEST WEST,

                              **Plaintiff,**                    08-CV-604A(Sr)

v.

J. MILLER, et al.,

                              **Defendant.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #31.

Plaintiff, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 alleging that he was subjected to excessive force during his incarceration at the Attica Correctional Facility ("Attica"). Dkt. #1.

Currently before the Court is defendants' motion for summary judgment. Dkt. #44. For the following reasons, defendants' motion for summary judgment is granted.

## BACKGROUND

Plaintiff's amended complaint alleges that on September 11, 2007, Sergeant LoVerde put plaintiff on the wall and then kicked his feet apart, causing him to

bump his forehead.  Dkt. #13-2, p.5.  Plaintiff also alleges that C.O. Miller ran into the plaintiff, causing him to injure his shoulder, and that Sergeant LoVerde failed to intervene.  Dkt. #13-2, pp.5-6.  During his deposition, plaintiff reiterated his belief that the incident occurred on September 11, 2007.  Dkt. #44-7, p.9.  George Streubel, Supervisor of Attica's Inmate Grievance Program, declares that there is no record of any grievance filed by plaintiff with respect to an incident on September 11, 2007.  Dkt. #44-5.

Plaintiff's original complaint alleges that on October 14, 2007, while he was coming from a "med run," and in retaliation for a prior complaint, Sergeant LoVerde[1] ordered plaintiff to place his hands on the wall and C.O. Miller ran into him from behind, slamming his body hard into the wall and causing physical injury to his left shoulder.  Dkt. #1, pp.5-6.

On October 24, 2007, plaintiff filed a grievance complaining that Sergeant LoVerde retaliated against him for filing a prior grievance by ordering plaintiff to place his hands on the wall, pulling his hair and hitting him on the right side of his face.  Dkt. #44-3, p.10. Plaintiff also complained that C.O. Miller ran into him from behind, causing his body to slam hard into the wall.  Dkt. #44-3, p.10.

The grievance, which was assigned number A-52684-07, was denied by the Superintendent on November 14, 2007 as follows:

---

[1] Although plaintiff sued defendant as Sergeant Lavardy, the Court will utilize the correct spelling of her name in this Decision and Order.

> This grievance has been investigated by a Lieutenant and includes an interview with the grievant, along with written memorandum from staff named.
>
> The grievance states: The grievant was assaulted by staff.
>
> Upon interview, the grievant reiterated his claims and provided no witnesses or any other pertinent information. Staff is on record denying all allegations. The Investigating Lieutenant could find no evidence to support the grievant's accusations. The Investigating Lieutenant states that the grievant was vague and seemed like he had little knowledge of the alleged incident. The grievant became agitated when interviewed and refused to answer questions. The reviewer notes that the Grievance Supervisor's memo states that he does not believe the grievant wrote this grievance and that he believes another inmate wrote it.
>
> The evidence provided this reviewer does not warrant an affirmation of this grievance.
>
> The grievance is without merit, and is, therefore, denied.

Dkt. #44-3, p.5.

Supervisor Streubel declares that there is no record of plaintiff appealing this decision to the Central Office Review Committee ("CORC"). Dkt. #44-5. Karen Bellamy, Director of the Inmate Grievance Program, which is the custodian of records maintained by CORC, submitted a printout listing approximately 40 grievances appealed to CORC by plaintiff during the course of his incarceration at multiple facilities, including Attica, and declares that Grievance No. A-52684-07 was not appealed to CORC. Dkt. #44-6.

Plaintiff was released from custody on or about July 31, 2009 and appeared by teleconference for a preliminary pretrial conference with the Court. Dkt.

#27.  In it's Order of Preliminary Pretrial Conference, the Court warned plaintiff that

> failure to respond to this order or to otherwise comply with the Federal Rules of Civil Procedure or any other order of this court may result in a dismissal of this action on the merits.  It is the plaintiff's responsibility to keep the court informed of his/her current address.

Dkt. #25.

In support of her motion for summary judgment, now Lieutenant LoVerde declares that she has no recollection of any contact with plaintiff and did not assault plaintiff or witness anyone else assault plaintiff.  Dkt. #44-3.  Similarly, C.O. Miller declares that he has no recollection of having any contact or involvement with plaintiff on either date and denies assaulting, harassing or retaliating against plaintiff at any time. Dkt. #44-4.

Notwithstanding notification by counsel for the defendants as required under *Irby v. N.Y. City Transit Auth.*, 262 F.3d 412, 414 (2d Cir. 2001),  concerning the requirements of Rule 56 of the Federal Rules of Civil Procedure and the perils of failing to respond to a motion for summary judgment, including that such failure may result in the granting of judgment in favor of defendants (Dkt. #44, pp.2-3), plaintiff has not filed a response to the instant motion.  Instead, plaintiff wrote the Court a letter claiming that he suffers from his injuries and requesting a settlement conference.  Plaintiff also copied the Court on a subsequent letter to defense counsel seeking settlement of this matter and attaching a copy of defendants' statement of undisputed facts.

**DISCUSSION AND ANALYSIS**

**Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a *pro se* plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted). A party seeking to defeat a motion for summary judgment

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

**Exhaustion of Administrative Remedies**

The PLRA states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Porter v. Nussle*, the Supreme Court held that exhaustion of administrative remedies in 1997(e) cases is mandatory[2] and should be applied broadly. 534 U.S. 516, 524 (2002). The Supreme Court reasoned that requiring inmates to follow the grievance process would ultimately "reduce the quantity and improve the quality of prisoner suits;" filter out frivolous claims; and for those cases that eventually come to court, the administrative record could potentially clarify the legal issues. *Id.* at 524-25. "Even when the prisoner seeks relief not available in grievance proceedings" – such as monetary damages – "exhaustion is a prerequisite to suit." *Id.* at 524, *citing Booth v. Churner*, 532 U.S. 731, 741 (2001). Thus, the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532.

---

[2] Although mandatory, administrative exhaustion is an affirmative defense rather than a jurisdictional predicate. *Richardson v. Goord*, 347 F.3d 431 (2d Cir. 2003); *Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999).

The New York State Department of Correctional Services employs a three-step Inmate Grievance Program that requires an inmate to: (1) file a grievance with the Inmate Grievance Review Committee as set forth in 7 N.Y.C.R.R. § 701.7(a)(1); (2) appeal to the superintendent within four working days of receiving the Inmate Grievance Resolution Committee's adverse written response as set forth in 7 N.Y.C.R.R. § 701.7(b)(1); and appeal to the Central Office Review Committee in Albany, New York within four working days of receipt of the superintendent's adverse written response, as set forth in 7 N.Y.C.R.R. § 701.7(c)(1).  *Abney v. McGinnis*, 380 F.3d 663 (2d Cir. 2004).

In assessing exhaustion of administrative remedies, the Court of Appeals for the Second Circuit determined that

> a three-part inquiry is appropriate in cases where a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a).  Depending on the inmate's explanation for the alleged failure to exhaust, the court must ask whether administrative remedies were in fact "available" to the prisoner.  *Abney v. McGinnis*, 380 F.3d 663 . . . .  The Court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, *Johnson v. Testman*, 380 F.3d 691 . . ., or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense, *Ziemba*,[3] 366 F.3d at 163.  If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that plaintiff nevertheless did not exhaust available remedies, the court should consider whether "special circumstances" have been

---

[3] *Ziemba v. Wezner*, 366 F.3d 161 (2d Cir. 2004).

>plausibly alleged that justify "the prisoner's failure to comply with administrative procedural requirements." *Giano v. Goord*, 380 F.3d 670 . . .

*Hemphill v. New York,* 380 F.3d 680, 686 (2d Cir. 2004). As the Court of Appeals for the Second Circuit has recognized, however, *Hemphill's* inquiry may be affected by a subsequent decision of the United States Supreme Court which held that untimely or otherwise procedurally defective attempts to obtain administrative remedies do not satisfy the PLRA's exhaustion requirement because the PLRA requires "proper exhaustion," which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Ruggiero v. County of Orange*, 467 F.3d 170, 175-76 (2d Cir. 2006), *quoting Woodford v. Ngo* 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Although the Court of Appeals for the Second Circuit has yet to resolve this question, it should not impact the analysis in the instant case. *See Amador v. Andrews*, 655 F.3d 89, 102-03 (2d Cir. 2011) (declining to reach the issue because even under pre-*Woodford* case law, plaintiff failed to establish that defendants are estopped from raising exhaustion as a defense or that special circumstances excuse plaintiff's failure to exhaust.).

Defendants have met their burden of demonstrating the absence of any grievance with respect to the September 11, 2007 incident set forth in the amended complaint. Even if the Court were to construe the complaint as referencing an incident which occurred on October 14, 2007, defendants have met their burden of

demonstrating that the grievance pertaining to the incident on that date was never appealed to CORC. Defendants raised the exhaustion issue as an affirmative defense in their answer (Dkt. #23, ¶ 17), and plaintiff has proffered no response to raise any question of fact as to the availability of these administrative procedures or any special circumstance which may have prevented him from properly exhausting this claim. Thus, plaintiff has failed to properly exhaust his administrative remedies.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (Dkt. #44), is granted. The Clerk of the Court is directed to enter judgment for defendants and close the case.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

DATED: Buffalo, New York
August 23, 2012

      *s/H. Kenneth Schroeder, Jr.*
      **H. KENNETH SCHROEDER, JR.**
      **United States Magistrate Judge**